UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON D'ANGELO JACKSON,

           Petitioner,

v.                                    CASE NO. 04-CV-72932-DT
                                    HONORABLE DENISE PAGE HOOD

ANDREW JACKSON,

           Respondent.
_____/

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner Deon D'Angelo Jackson has appealed the Court's denial of his *pro se* habeas corpus petition. Currently pending before the Court is Petitioner's notice of appeal. The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. at 484.

## II. Discussion

### A. Waiver of the Right to a Jury Trial

Following a bench trial, Petitioner was convicted of one count of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, three counts of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and one count of felony firearm, MICH. COMP. LAWS § 750.227b. The first habeas claim alleges that Petitioner's waiver of his right to a jury trial was not voluntary, knowing, and intelligent. The Court rejected this claim because Petitioner personally assured the trial court that he understood he had a constitutional right to a jury trial and that the trial court would be the trier of fact. He claimed to have made the decision of his own free will, and he stated that no one promised him anything or coerced him into waiving his right to a jury trial. Defense counsel informed the trial court that he and Petitioner had discussed waiving the jury and that Petitioner had been given ample time to think about the matter. Defense counsel also stated that he had not suggested to Petitioner what the verdict would be if he waived his right to a jury trial. For these reasons, reasonable jurists would not debate the Court's assessment of Petitioner's constitutional claim regarding waiver of a jury trial.

### B. Sufficiency of the Evidence

Petitioner's second and third habeas claims challenge the sufficiency of the evidence supporting the convictions for assault with intent to commit murder and assault with intent to commit great bodily harm less than murder.  The Court found no merit in these claims, because the state court's adjudication of the claims is supported by the record and constituted a reasonable application of *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).  Reasonable jurists would agree, because the evidence adduced at trial indicated that (1) Petitioner was the aggressor in the incident, (2) he fired several gunshots at the car where the victims were seated, and (3) neither he, nor anyone else, was in imminent danger of being harmed by the victims.

### C. The Trial Court's and Prosecutor's Conduct

The fourth habeas claim alleges that the trial court deprived Petitioner of his right to due process and a fair trial when the court intervened in the examination of a number of witnesses. Petitioner asserts that the trial court assumed the role of the prosecutor and elicited testimony that was damaging to the defense.  The fifth habeas claim alleges that the prosecutor deprived Petitioner of his right to due process and a fair trial when she asked Petitioner to comment on the credibility of other witnesses and elicited testimony of prior "bad acts."

The Court determined that these claims were procedurally defaulted because Petitioner did not make proper objections to the conduct at trial and because he did not explain the basis for one of his claims when he raised the claim on appeal.  Reasonable jurists could debate whether Petitioner's allegations state valid claims of the denial of constitutional rights and whether the Court erred when it determined that Petitioner had not established "cause" for his procedural defaults.  Therefore, a certificate of appealability may issue on Petitioner's fourth and fifth

claims and the related claims that defense counsel should have objected to the disputed conduct.

### E. Defense Counsel

The sixth habeas claim alleges that defense counsel's errors and omissions deprived Petitioner of his right to the effective assistance of counsel. The Court determined that defense counsel's allegedly deficient performance did not prejudice the defense and that the state appellate court did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reasonable jurists could debate the Court's determination that defense counsel was not ineffective for failing to object to the trial court's and the prosecutor's conduct. Therefore, a certificate of appealability may issue on the portion of Petitioner's claim that alleges defense counsel was ineffective for failing to object to the trial court's and the prosecutor's conduct. The Court declines to grant a certificate of appealability on the remainder of Petitioner's sixth claim.

### F. The Sentence

The seventh and final habeas claim alleges that the trial court should have amended the judgment of sentence to remove the habitual offender designation. According to Petitioner, the prosecutor failed to show that Petitioner had been convicted of a prior felony and the trial court made no such finding. The Court rejected this claim because "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and because the trial court did not rely on extensively and materially false information, which Petitioner had no opportunity to correct. *Townsend v. Burke*, 334 U.S.736, 741 (1948). Reasonable jurists would agree. The Court therefore declines to grant a certificate of appealability on Petitioner's sentencing claim.

### III. Conclusion

For the reasons given above, the Court GRANTS a certificate of appealability on: (1) Petitioner's fourth claim regarding the trial court's conduct; (2) Petitioner's sixth claim regarding the prosecutor's conduct; and (3) Petitioner's claim that defense counsel should have objected to the trial court's and the prosecutor's conduct. The Court declines to issue a certificate of appealability on all other claims. Petitioner may proceed *in forma pauperis* on appeal because the issues are not frivolous and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

                                      s/ DENISE PAGE HOOD
                                      DENISE PAGE HOOD
                                      UNITED STATES DISTRICT JUDGE

Dated: October 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

                                      S/William F. Lewis
                                      Case Manager